1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    YUNG PING WANG, et al.,

11              Plaintiffs,              No. 2:12-cv-0852 LKK GGH PS

12        vs.                           ORDER AND

13    CARNEIGE HILL CORP., et al.,

14              Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

15

16        This action was referred to the undersigned pursuant to Local Rule 302(c)(21).

17    Pending before the court are motions to dismiss by defendants T.D. Service Company, and

18    Federal National Mortgage Association and Mortgage Electronic Registration Systems, Inc.[1] On

19    July 13, 2012, plaintiffs were ordered to show cause by August 2, 2012, for their failure to file

20    oppositions to the pending motions.  Plaintiffs were advised by that order that failure to file

21    oppositions or statements of non-opposition would result in a recommendation that this action be

22    dismissed.  Plaintiffs have filed no response since that order was issued.

23        In the order requiring joint status report, filed April 3, 2012, plaintiffs were

24    advised of the requirement to obey federal and local rules, as well as orders of this court, and the

25    _____

26        [1] Defendant Fairfield Police Department also has a motion to dismiss noticed for hearing
    on August 23, 2012.

1

possibility of dismissal for failure to do so.   Defendants filed two motions to dismiss on May 31,
2012 and June 6, 2012, to which plaintiffs did not respond.  The motions were submitted on the
record after plaintiffs filed no opposition.  Plaintiffs also failed to respond to the order to show
cause which warned plaintiffs of the possibility of dismissal.

Although the court liberally construes the pleadings of pro se litigants, they are
required to adhere to the rules of court.  As set forth in the district court's order requiring status
report, failure to obey local rules may not only result in dismissal of the action, but "no party will
be entitled to be heard in opposition to a motion at oral arguments if opposition has not been
timely filed by that party."  E. D. Cal. L. R. 230(c).  More broadly, failure to comply with the
Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions
authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal. L. R. 110;
see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se
litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal."
Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's
interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the
risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their
merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize
dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash
R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).
Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction
of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
(setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali.  "[T]he key factors are
prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th
Cir.1990).  Defendants are clearly prejudiced by the requirement of defending an abandoned

1  case, and this court is put in the untenable position of expending limited judicial resources to

2  decide such a case on the merits.  The public's interest in expeditious resolution of litigation, the

3  court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this

4  case be dismissed.

5  Accordingly, IT IS ORDERED that: Defendant Fairfield Police Department's

6  motion to dismiss, filed July 12, 2012, is vacated from the court's August 23, 2012 law and

7  motion calendar, to be re-noticed if these findings and recommendations are not adopted.

8  For the reasons stated herein, IT IS RECOMMENDED that this action be

9  dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

10  These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

12  fourteen (14) days after being served with these findings and recommendations, any party may

13  file written objections with the court and serve a copy on all parties.  Such a document should be

14  captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the

15  objections shall be served and filed within seven (7) days after service of the objections.  The

16  parties are advised that failure to file objections within the specified time may waive the right to

17  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: August 8, 2012

19

20  /s/ Gregory G. Hollows
   UNITED STATES MAGISTRATE JUDGE

21

22  GGH:076/Wang0852.41.wpd

23

24

25

26

3